**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| PEARL DOODY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action 3:20-cv-3115 |
| | § | |
| EQUIFAX INFORMATION | § | With Jury Demand Endorsed |
| SERVICES LLC, EXPERIAN | § | |
| INFORMATION SOLUTIONS, Inc., | § | |
| TRANS UNION LLC, and NATIONSTAR | § | |
| MORTGAGE LLC | § | |
| | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Pearl Doody ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Equifax Information Services LLC**,** Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

### I.  INTRODUCTION

1.      Three of the Defendants are, consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. All Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Nationstar Mortgage LLC is also liable for violating the Real Estate

Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II. PARTIES

2.      Plaintiff, Pearl Doody, is a natural person residing in St. Croix County, Wisconsin is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting and violations of RESPA.

**Made Defendants herein are**:

3.      Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4.      Upon information and belief, Defendant Experian Information Solutions, Inc., which may also hereinafter be referred to as "Experian", "Defendant," "Defendants," "CRA," or "CRA Defendant," or "CRA Defendants," is an Ohio corporation that does business in this judicial district and may be served by delivering a summons to its headquarters, 475 Anton Blvd., Costa Mesa, California 92626. Experian is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Experian

regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Experian disburses such consumer reports to third parties of contract for monetary compensation.

5.      Upon information and belief, Defendant Trans Union LLC, which may also hereinafter be referred to as "Trans Union", "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is an Illinois limited liability company that does business in this judicial district and may be served by delivering a summons to its headquarters, 555 West Adams Street, Chicago, Illinois 60681. Trans Union is a nationwide CRA as defined by 15 U.S.C. § 1681a(f). Trans Union regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Trans Union disburses such consumer reports to third parties of contract for monetary compensation.

6.      Upon information and belief, Defendant Nationstar Mortgage, LLC or Mr. Cooper, formerly d/b/a  Seterus, LLC, which may also hereinafter be referred  to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

7.      As used herein, "consumer reporting agency," or "CRA," means any person which,

for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

### III. JURISDICTION AND VENUE

8.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p). Plaintiff also asserts actions under states' laws which may be brought within the supplemental jurisdiction of this Court and Plaintiff respectfully requests that this Honorable Court exercise supplemental jurisdiction over said claims. 28 U.S.C. § 1367.

9.      Venue is proper in this District, because CRA Defendants and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiffs' claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

10.      Venue is further proper in this District, because CRA Defendants entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from the CRA Defendants as

part of their reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar procured the data associated with the Seterus payments made subject of this FCRA action. Plaintiff sent a qualified written request to Nationstar in this judicial district asking Nationstar to address the information regarding the Seterus loan, which Nationstar acquired and controls. Plaintiff requested Nationstar correct errors within the Seterus loan. Nationstar managed Plaintiff's mortgage and Seterus mortgage from this judicial district including the record of amounts owed and conducted and communicated findings of investigations regarding this mortgage via phone and letter from this judicial district.

## IV.  FACTUAL ALLEGATIONS

11.     In 2003, Plaintiff secured a mortgage loan for her property located at 605 Spruce Drive, Hudson, St. Croix County, WI 54016 with Bell Mortgage.

12.     Sometime thereafter, Seterus, LLC acquired Plaintiff's mortgage loan and assigned loan number xxxx0443("the Seterus mortgage").

13.     Except for a few months here and there, Plaintiff made timely payments to the Seterus mortgage.

14.     In fact, Plaintiff had an automatic withdrawal of mortgage funds set up with Seterus.

15.     A redacted copy of the Seterus mortgage payment history is attached hereto as Exhibit "A" and incorporated in by reference.

16.     She made a timely payment in June 2017, made a full payment of around on July 18, 2020, and made another payment of around $869 on July 24, 2017. (*See* Exhibit "A").

17.     Plaintiff also paid around $2,826 in June 2018, after arguable missing a payment in April 2018, even though she had an auto withdrawal. (*See* id.)

18.     Upon information and belief, sometime in March 2019 Nationstar acquired Seterus, LLC and thus obtained control of the Seterus mortgage.

19.     After March 2019, the Seterus mortgage was serviced by Nationstar.

20.     Sometime in February 2020, Plaintiff pulled her Equifax credit report and noticed that it was not accurate.

21.     Within the Equifax credit report, Plaintiff noticed that it reported payments to the Seterus mortgage as 30-days late in July 2017 and 60-days late in June 2018.

22.     A redacted copy of Plaintiff's Equifax Credit Report is attached hereto as Exhibit "B" and incorporated in by reference.

23.     Sometime in February 2020, Plaintiff pulled her Experian credit report and noticed that it was not accurate.

24.     Within the Experian credit report, Plaintiff noticed that it reported payments to the Seterus mortgage as 30-days late in July 2017 and 60-days late in June 2018.

25.     A redacted copy of Plaintiff's Experian Credit Report is attached hereto as Exhibit "C" and incorporated in by reference.

26.     Sometime in February 2020, Plaintiff pulled her Trans Union credit report and noticed that it was not accurate.

27.     Within the Trans Union credit report, Plaintiff noticed that it reported payments to the Seterus mortgage as 30-days late in July 2017 and 60-days late in June 2018.

28.     A redacted copy of Plaintiff's Trans Union Credit Report is attached hereto as

Exhibit "D" and incorporated in by reference.

29.     On or about July 2020, Plaintiff sent direct disputes to Equifax, Experian, and Trans Union, and requested that the CRA Defendants investigate with Nationstar the reporting of the Seterus mortgage. Plaintiff requested that under the FCRA, each CRA Defendant conduct a reasonable investigation and/or remedy the inaccuracies on Plaintiff's credit reports concerning the Seterus mortgage.

30.     Redacted copies of Plaintiff's unsigned dispute letters sent to Equifax, Experian, and Trans Union are each attached as Exhibits "E", "F", and "G", respectively and incorporated in by reference.

31.     Equifax responded to Plaintiff's dispute on August 25, 2020.

32.     Plaintiff also obtained her October 7, 2020 Equifax credit report to review any potential changes.

33.     Redacted copies of Equifax's August 25, 2020 response and October 7, 2020 Equifax credit report are attached hereto as Exhibits "H" and "I" respectively and incorporated herein by reference.

34.     Equifax's August 25, 2020 response and the October 2020 credit report showed that it did not correct, make timely, or modify the disputed payments and merely referred Plaintiff to contact Nationstar.

35.     Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Seterus mortgage tradeline because Plaintiff sent a clear dispute and provided a payment history showing timely payments for the disputed months and yet Equifax made no changes.

36.     Equifax chose to "verify" false information from an unreliable source, failed to correct the inaccurate information, and continued to publish the inaccurate information regarding Plaintiff's Seterus mortgage tradeline.

37.     Upon the Plaintiff's request to Equifax for verification and addition regarding the Seterus Mortgage tradeline, and in accordance with Equifax's standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Seterus mortgage tradeline with Nationstar.

38.     In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

39.     In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

40.     Experian responded to Plaintiff's dispute on August 25, 2020.

41.     A redacted copy of Experian's response is attached hereto as Exhibit "J" and incorporated herein by reference.

42.     Experian response failed to make any disputed changes and stated, "Outcome Updated which may include an update to disputed information."

43.     Experian's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Seterus mortgage tradeline because Plaintiff sent a clear dispute and provided a payment history showing timely payments for the disputed months and yet Experian made no changes.

44.     Experian chose to "verify" false information from an unreliable source, failed to

correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Seterus mortgage tradeline.

45.     Upon the Plaintiff's request to Experian for verification and addition regarding the Nationstar mortgage account, and in accordance with Experian's standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Seterus mortgage tradeline with Nationstar.

46.     In the alternative, Experian failed to contact Nationstar, therefore, failed to perform any investigation at all.

47.     In the alternative to the allegation that Experian failed to contact Nationstar, it is alleged that Experian did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

48.     Trans Union responded to Plaintiff's dispute on August 25, 2020.

49.     A redacted copy of Trans Union's response is attached hereto as Exhibit "K" and incorporated herein by reference.

50.     Trans Union response failed to make any of the disputed changes and provided no explanation and stated, "INVESTIGATION RESULTS – DISPUTED INFORMATION UPDATED AND OTHER INFORMATION UPDATED: A change was made to the item(s) based on your dispute."

51.     Trans Union's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Seterus mortgage tradeline because Plaintiff sent a clear dispute and provided a payment history showing timely payments for the disputed months and yet Trans Union made no changes.

52.    Trans Union chose to "verify" false information from an unreliable source, failed to correct the inaccurate information and continued to publish the inaccurate information regarding Plaintiff's Seterus mortgage account.

53.    Upon the Plaintiff's request to Trans Union for verification and addition regarding the Seterus mortgage tradeline, and in accordance with Trans Union's standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Seterus mortgage tradeline with Nationstar.

54.    In the alternative, Trans Union failed to contact Nationstar, therefore, failed to perform any investigation at all.

55.    In the alternative to the allegation that Trans Union failed to contact Nationstar, it is alleged that Trans Union did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

56.    In April 2020, Plaintiff sent Nationstar a letter wherein Plaintiff sufficiently identified herself as a borrower, the account in question, perceived errors in the Seterus mortgage account controlled by Nationstar, and specifically requested that Nationstar investigate and correct its reporting of her payments to the Seterus mortgage.

57.    A redacted copy of Plaintiff's unsigned RESPA letter to Nationstar is attached hereto as Exhibit "L" and incorporated in by reference.

58.    On February 20, 2020, Nationstar responded, provided a Seterus mortgage payment history, but wholly failed to address the issues regarding the Seterus mortgage account.

59.    A redacted copy of Nationstar's response to Plaintiff's RESPA letter is attached

hereto as Exhibit "M" and incorporated in by reference.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

60.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

61.    Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

62.    The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

63.    Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, but Equifax continued to prepare a patently false consumer report concerning Plaintiff.

64.    Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Equifax readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

65.    After Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

66.    As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages,

including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

67.     Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

68.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

69.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

70.     Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

71.     As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

72.     Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

73.     The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

74.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

75.     Experian violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

76.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

77.     Experian knew or should have known of Plaintiff's account status and payment history, but Experian continued to prepare a patently false consumer report concerning Plaintiff.

78.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Experian readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

79.     After Experian knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

80.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

81.     Experian's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

82.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.


## COUNT IV – EXPERIAN'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

83.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

84.     Experian violated 15 U.S.C. § 168li on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to the furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

85.     As a result of Experian's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance

goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

86.     Experian's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

87.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT V – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681e(b))

88.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

89.     Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

90.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

91.     Trans Union knew or should have known of Plaintiff's account status and payment history, but Trans Union continued to prepare a patently false consumer report concerning Plaintiff.

92.     Despite actual and implied knowledge that Plaintiff's credit report was and is not accurate, Trans Union readily provided false reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

93.     After Trans Union knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections.

94.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

95.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

96.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## COUNT VI – TRANS UNION'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

97.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

98.     Trans Union violated 15 U.S.C. § 1681i on multiple occasions by failing to update or delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

99.     As a result of Trans Union's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance

goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

100.     Trans Union's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

101.     The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT VII – NATIONSTAR'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681s-2(b))

102.     Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

103.     Nationstar further violated 15 U.S.C. § 1681s-2(b) by continuing to report the Seterus mortgage tradeline representation within Plaintiff's credit file with the CRA Defendants without also including a notation that this debt was disputed, failing to fully and properly investigate the Plaintiff's dispute of the Seterus mortgage tradeline representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Seterus mortgage tradeline representations to the consumer reporting agencies.

104.    As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in his attempt to refinance, loss in his ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

105.    Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**COUNT VIII – NATIONSTAR'S VIOLATION OF RESPA**

106.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

107.    Under RESPA section 2605(e) and the implementing regulations, a servicer must conduct a reasonable investigation of the errors identified in the borrower's notice and make all appropriate corrections to the account.

108.    Nationstar has negligently and/or willfully violated section 2605(e) by failing to conduct a reasonable investigation of the errors brought to its attention by Plaintiff's request, correct the account accordingly, and left the account riddled with errors.

109.    Nationstar further violated § 2605(e) by failing to credit late charges and/or penalties as required under subsection (2)(A).

110.    Nationstar's failure to respond, conduct a reasonable investigation and make the appropriate corrections to Plaintiff's account, as well as credit late fees and/or penalties, has proximately caused Plaintiff's damages.

111.    Defendant Nationstar is therefore liable to Plaintiff for statutory and actual damages as provided in 12 U.S.C. § 2605(f).

112.    Plaintiff is also entitled to recover reasonable attorney's fees and costs expended in this proceeding from Nationstar as provided in 12 U.S.C. § 2605(f).

## VI.  VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

113.    Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of respondeat superior and/or vicarious liability.

## VII. DAMAGES

114.    Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

115.    Plaintiff respectfully requests that this Honorable Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

116.    The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

117.     Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

118.     Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

119.     Defendants have negligently and/or willfully violated various provisions of the FCRA and Nationstar negligently and/or willfully violated RESPA and are thereby liable unto Plaintiff.

120.     Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in his attempt to refinance his mortgage, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff, Pearl Doody, prays that this Honorable Court:

A.     Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but

not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing his credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, Nationstar's violation of RESPA, applicable state law, and common law;

B. Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

C. Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

D. Order that the CRA Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Furnisher Defendant, Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

E. Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.


Date Filed: <u>October 13, 2020</u>

<div style="margin-left:40%">

Respectfully submitted,

<u>/s/ Matthew P. Forsberg</u>
Matthew P. Forsberg
TX State Bar Number 24082581
Matt@FieldsLaw.com
FIELDS LAW FIRM

</div>

9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

COUNSEL FOR PLAINTIFF

*/s/ Jonathan A. Heeps*
Jonathan A. Heeps
State Bar No. 24074387
**LAW OFFICE OF JONATHAN A. HEEPS**
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com

COUNSEL FOR PLAINTIFF

**<u>JURY DEMAND</u>**

Plaintiff hereby demands a trial by jury on all issues so triable.

October 13, 2020                           */s/ Matthew P. Forsberg*
Date                                              Matthew P. Forsberg